**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dontay Austin,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-12-00225-PHX-NVW<br><br>**ORDER** |

Plaintiff Dontay Austin seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him supplemental security income under section 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.    BACKGROUND**

Austin was born in April 1988. He has a high school education and is able to communicate in English. He attempted community college and attended one year of beauty school classes. He has been diagnosed with attention deficit hyperactivity disorder, mood disorder not otherwise specified, bipolar disorder, and obsessive compulsive disorder. He has had three different jobs, and the longest he worked at a job was three months.

Austin received supplemental security income benefits as a child because he was found disabled at the age of 11 for attention deficit hyperactivity disorder and oppositional defiant disorder. When he became 18 years old, his eligibility for these benefits was evaluated based on adult standards as required by law. On May 31, 2007, it was determined that he was no longer disabled as of May 1, 2007. Upon reconsideration after hearing, the determination was upheld. Austin filed a written request for hearing on March 11, 2009. On August 25, 2010, he appeared with his attorney and testified at a hearing before the ALJ. A vocational expert also testified.

On September 15, 2010, the ALJ issued a decision that Austin was not disabled within the meaning of the Social Security Act. On October 12, 2010, Austin requested review of the hearing decision. On December 9, 2011, the Appeals Council denied Austin's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On February 1, 2012, Austin sought review by this Court.

## II.     STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational

- 2 -

interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

### III. ANALYSIS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The ALJ found that since May 1, 2007, Austin has had the following severe impairments: attention deficit hyperactivity disorder, mood disorder not otherwise specified, bipolar disorder, and obsessive compulsive disorder. The ALJ also found that Austin has had "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, unskilled work." Considering Austin's age, education, work experience, and residual functional capacity, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Austin can perform.

#### A. The ALJ Did Not Err in Weighing Medical Source Evidence.

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* Further, an examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Id.*

Evidence from "acceptable medical sources," *e.g.*, licensed physicians and licensed or certified psychologists, is needed to establish an impairment. 20 C.F.R.

- 3 -

§ 416.913(a). Evidence from other sources, such as nurse practitioners, may be considered to determine the severity of the claimant's impairment and how it affects the claimant's ability to work. 20 C.F.R. § 416.913(d). Only "acceptable medical sources" can be considered treating sources, whose medical opinions may be entitled to controlling weight. Social Security Ruling 06-03p. Contrary to Austin's assertion, the ALJ did not reject the opinions of two nurse practitioners, Deanette Devereaux and Sharon Lorraine Paul, at Southwest Behavioral Health Services. He merely gave them "limited weight" because they were not "acceptable medical sources" under the regulations.

On August 24, 2009, Ms. Paul wrote a "Verification of Psychiatric Treatment," stating that Austin was being seen for treatment of "schizoaffective, bipolar type," and he would be seen on a monthly basis for medication prescription and management services until his symptoms subsided. She also wrote that Austin's symptoms were currently severe and interfered with his ability to sustain employment. Ms. Paul's treatment notes for August 24, 2009, state that Austin reported panic attacks, depression, and mood swings. Ms. Paul observed that his alertness was normal, memory and concentration intact, and attention distractible.

On October 19, 2009, Ms. Devereaux noted that Austin was seen for medication evaluation, his concentration was good, and he seemed "intact in terms of a level of consciousness." He reportedly denied "that any auditory hallucinations are problematic" and "that the voices are very very faint and nonthreatening in nature."

On March 24, 2010, Ms. Devereaux noted that Austin reported that medication was helping although he had not been taking it consistently, and he heard voices mumbling. In a separate document titled "Verification of Psychiatric Treatment," Ms. Devereaux wrote that Austin was being seen for treatment of schizoaffective disorder, he would be seen on a bi-monthly basis, and his symptoms were currently moderate-to-severe and interfered with his ability to obtain and sustain employment.

- 4 -

Whether a claimant is able to work is an issue reserved to the Commissioner. 20 C.F.R. § 416.927(d). Even if a treating physician had expressed the opinion that Austin's impairments interfered with his ability to sustain employment, a treating source's opinion on issues reserved to the Commissioner is never entitled to controlling weight or given special significance. Social Security Ruling 96-5p. Moreover, except for their opinions on issues reserved to the Commissioner, the evidence from Ms. Paul and Ms. Devereaux is consistent with the ALJ's decision.

Therefore, the ALJ did not err in giving the opinions of the two nurse practitioners limited weight even though Austin did not produce evidence from an "acceptable medical source."

### B. The ALJ Did Not Misinterpret Evidence to the Detriment of the Claimant.

Austin contends that the ALJ misinterpreted the evidence supplied by the state agency because he said:

> Social Security Ruling 96-6p states that findings of fact made by State agency medical consultants and other program physicians regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources to be considered and weighed along with the medical evidence from other sources. In accordance with the aforementioned Ruling, the Administrative Law Judge gives weight to these opinions to the extent they are consistent with the medical evidence and findings herein. As a whole, the medical opinions of consulting physicians and medical consultants are highly probative as these same opinions are supported by the great weight of the evidence of record. There is nothing in these assessments or in the overall record to suggest that the claimant cannot perform a wide range of unskilled work.

On May 14, 2007, and December 1, 2008, State agency consultants completed a form titled "Psychiatric Review Technique" by checking the box for "insufficient evidence"

- 5 -

and were not able to provide opinions. Therefore, finding the medical opinions of consulting physicians and medical consultants "highly probative as these same opinions are supported by the great weight of the evidence of record" is not literally accurate. It would have been more accurate to state that the consultants' inability to form opinions because of the absence of medical records is highly probative. Nevertheless, the ALJ's decision was supported by substantial evidence from 2009 and 2010, and it was not his responsibility to consider medical evidence that did not exist because Austin had not sought treatment during 2007 and 2008.

In general, a claimant must prove that he is disabled and must furnish medical and other evidence that the Commissioner can use to reach conclusions about a claimant's medical impairment. 20 C.F.R. § 416.912(a). It is the claimant's responsibility to provide evidence showing he has an impairment, how severe it is, and how it affects his functioning. 20 C.F.R. § 416.912(c). It is the Commissioner's responsibility to develop a claimant's complete medical history by making reasonable efforts to obtain medical reports from a claimant's medical sources when the claimant gives permission to request the reports. 20 C.F.R. § 416.912(d). The Commissioner may ask a claimant to attend a consultative examination, but is not required to obtain a consultative examination. *See* 20 C.F.R. § 416.912(e).

Therefore, the ALJ did not err by misinterpreting evidence to Austin's detriment.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 6th day of December, 2012.

_____
Neil V. Wake
United States District Judge

- 6 -